USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                               :

UNITED STATES OF AMERICA,          :

                -v-                      :              1: 18-cr-902-GHW

RUDY DELGADO,                        :              <u>ORDER</u>

                      Defendant.   :

-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On May 21, 2020, the Court received a letter from Mr. Rudy Delgado. Dkt. No. 66. In his letter, Mr. Castillo requested that the Court order his release in connection with the COVID-19 pandemic pursuant to 18 U.S.C. § 3582(c). In his letter, Mr. Delgado describes one preexisting medical condition, which, he asserts, makes him particularly vulnerable to COVID-19, and his fear of catching COVID-19 and its consequences. On June 11, 2020, counsel for Mr. Delgado requested that the Court order the disclosure of Mr. Delgado's medical records to him. Dkt. No. 67.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*,

— F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)).  As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement.  *Id.* § B1.13(2)–(3).

The information contained in Mr. Delgado's motion is not sufficient for the Court to conclude that extraordinary and compelling circumstances exist for Mr. Delgado's release.  In particular, his motion provides insufficient information for the Court to conclude that his preexisting health condition, coupled with some increased risk of exposure to the disease in prison rise to the level of "extraordinary and compelling" reasons required to support an order that he should be released early from prison.

The Court infers from counsel's request for an order by the Court to require the Bureau of Prisons (the "BOP") to provide Mr. Delgado's medical records to him, that counsel wishes to present a more fulsome application for compassionate release on behalf of Mr. Delgado with additional factual support.  Accordingly, the Court orders the following:

First, Mr. Delgado's *pro se* motion for compassionate release is denied without prejudice.  The Court cannot conclude from the information provided in it alone that extraordinary and compelling reasons justify a reduction in his sentence.

Second, counsel for the United States is directed to inform the Court no later than June 16, 2020 if the BOP has any objection to Mr. Delgado's counsel's requested order for the production of

Mr. Delgado's medical records to him.

Third, any renewed application for compassionate release on behalf of Mr. Delgado is due no later than July 3, 2020; any opposition to the application is due no later than two weeks following the service of the motion; and any reply is due no later than one week following the service of any reply.  In the event that Mr. Delgado's application is renewed, the Court will benefit from additional information regarding his medical condition, the risk associated with COVID-19 at his facility, and any steps undertaken by the BOP to reduce that risk.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Delgado and to terminate the motion pending at Dkt. No. 66.

SO ORDERED.

Dated:  June 13, 2020

_____
GREGORY H. WOODS
United States District Judge