```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
    UNITED STATES,                                             :
                                                               :
                                                               :
                  -v-                                          :      1:18-cr-902-GHW
                                                               :
    RUDY DELGADO,                                              :          ORDER
                                                               :
                              Defendant.                       :
-------------------------------------------------------------- X
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/16/2021

GREGORY H. WOODS, United States District Judge:

On September 11, 2020, the Court issued an order and opinion denying the application by Rudy Delgado for compassionate release as a result of the COVID-19 pandemic. Dkt. No. 81. After issuing its order, the Court received two pieces of correspondence from Mr. Delgado.

The first was letter that the Court construes as a request for reconsideration of its decision denying Mr. Delgado's prior request for compassionate release. Dkt. No. 86. This letter focused on a description of the prevalence of COVID-19 at FCI Ft. Dix, and Mr. Delgado's work to rehabilitate himself. The second letter also contained a request for reconsideration of the Court's decision, focusing again on the conditions at FCI Ft. Dix, and Mr. Delgado's work to rehabilitate himself. Dkt. No. 93. Mr. Delgado's second letter reports the unfortunate news that he has tested positive for COVID-19.

The Court has considered the information contained in Mr. Delgado's letters. They do not provide a sufficient basis for the Court to reconsider its prior denial of Mr. Delgado's motion. Local Criminal Rule 49.1(d) governs motions for reconsideration. "Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases. Thus, the standard of review for motions seeking reconsideration is the same under Local Criminal Rule 49.1 as it is under Local

Civil Rule 6.3 and the Federal Rules of Civil Procedure." *United States v. Rice*, No. 96-CR-407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015) (internal citations omitted). "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

The Court was aware of the gravity of the COVID-19 pandemic, and of Mr. Delgado's health issues at the time of its opinion. And the information contained in Mr. Delgado's letters do not provide sufficient justification for the Court to modify its prior decision.

The Court is very sorry that Mr. Delgado has tested positive for COVID-19. The conditions that Mr. Delgado describes are very difficult. And the Court appreciates the work that Mr. Delgado has done to work to rehabilitate himself. As the Court wrote in its prior order, one of the reasons why the Court denied Mr. Delgado's prior request for early release was because the Court believed that he would benefit from the opportunity to complete the RDAP program. The Court understands that Mr. Delgado has now done so, which is a major accomplishment—one which, according to Mr. Delgado, entitled him to release to a halfway house in March of this year. The Court encourages the Bureau of Prisons to consider Mr. Delgado for release to a halfway house as soon as he is eligible.

It is not clear that Mr. Delgado has had the opportunity to read the Court's prior decision, so the Court is asking that it be sent to him together with this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order, together with a copy of the order docketed at Dkt. No. 81, to Mr. Delgado.

SO ORDERED.

Dated: May 16, 2021

_____
GREGORY H. WOODS
United States District Judge